PAUL DIRCKS, and MARY A. DIRCKS, his wife *vs.*
HILLEARY BRANT, and ELLEN BRANT, his wife.

*Tenant—Tenancy for a Term certain—Growing crops of Wheat
and Rye—Voluntary abandonment of Premises by tenant.*

Where the renting is for a term certain, the tenant is not entitled to
the crops, which at the time of sowing he knew could not mature
during the continuance of his term; unless by express stipulation
with his landlord, or by the custom of the country, if such custom
exists.

Where premises are rented for a year, with the privilege of three
additional years, and the property is sold, and the tenant voluntarily
leaves before the expiration of the first year's tenancy, he is not
entitled, in the absence of any agreement or custom, to the growing
crops of rye and wheat.

APPEAL from the Circuit Court for Allegany County.

This was an action of replevin brought by the appellees
against the appellants, to recover a crop of wheat and rye
seeded by the appellee, Hilleary, during his tenancy of
the premises which he held of one John B. Smeising;
which crop matured and was cut by the appellant, Paul,
after he obtained possession of the premises as purchaser,
and after the abandonment of the same by the tenant.
The case is further stated in the opinion of the Court.
Prayers were offered on both sides, but their insertion is
deemed unnecessary. The defendants excepted to the
ruling of the Court. The verdict and judgment were for
the plaintiffs for one cent damages and costs. The defend-
ants appealed.

The cause was argued before BARTOL, C. J., GRASON,
ALVEY, ROBINSON, IRVING, RITCHIE, and MAGRUDER, J., for
the appellants, and submitted for the appellees.

*Benjamin A. Richmond,* for the appellants.

*William N. Price,* and *J. N. Willison,* for the appellees.

GRASON, J., delivered the opinion of the Court.

The record in this case shows that Hilleary Brant, one of the appellees, rented from John B. Smeising the farm of the latter for one year from the first day of February, 1878, with the privilege of three years more, paying five hundred dollars a year rent for the farm, stock, farming implements, &c. Before the expiration of the first year the farm was sold by the sheriff under an execution, issued upon a judgment against Smeising, which had been rendered some time before the renting took place. There was some negotiation between the purchaser, Paul Dircks, and Hilleary Brant, shortly after the sale to the former, with a view to a continuance of the tenancy, but no agreement was reached, whereupon Paul Dircks filed a petition in the Circuit Court for Allegany County, for a writ of *"habere facias possessionem"* to obtain possession of the farm, to which Hilleary Brant filed an answer, but before any action was taken by the Court, and before the expiration of his year's tenancy, Brant voluntarily removed from the rented premises, having however seeded wheat and rye upon the land. It further appears, that after the negotiations between Paul Dircks and Hilleary Brant for a continuance of the renting had failed, the former brought two suits before a justice of the peace of said county for *rent* of the farm, in one of which he recovered a judgment for $55, and the second of which does not appear to have been determined. The first bill is for *rent* from 7th September, 1878, to November, 1878, at $41.66¾ per month, and the second bill is for rent for twenty-eight days, to November 29th, 1878. The amounts so charged would be the proper proportions of the rent of $500 a year, for the time charged. Paul Dircks swears that the

justice of the peace made out the bills without any direc-
tions from him as to the particulars of the bills, and that
the suits were in fact brought to recover for the *use* and
*occupation* of the premises from the time he made the
purchase till he obtained possession of the farm, and not
for *rent* as such.    This seems to be founded in reason ; as
Smeising had rented not only the farm, but also the stock,
farming implements, &c., which were on it at the time
of renting, for the rent of five hundred dollars per annum,
he was still the owner of the stock and implements after
the farm was sold, and we do not see how the rent of
$500 could be well apportioned between the farm and the
personal property.    Besides this, the rent was payable
*yearly*, and even supposing that the parties had adopted
the contract between Smeising and Brant as their own,
no action for *rent* could have been maintained till the rent
became due ; that is, at the end of the year of the tenancy
in 1879, and then only for the whole sum due.    But even
supposing for the purposes of this case, that Dircks did
in fact sue for *rent* as such, and recovered, and that such
conduct on his part was an adoption of the contract
between Smeising and Brant as his own, and that thereby
Brant became his tenant, we still think that the appellees
had no right of action.    If Hilleary Brant was tenant
of Paul Dircks under the same contract of renting under
which he had held from Smeising, then he had a right
to hold the property for one year certain, with the privi-
lege of three years more, and there was no power to
compel him to surrender the property, and he could
without difficulty have defeated the proceedings for a writ
of "*habere*," which had been taken against him.    But he
voluntarily left the premises and surrendered them to
Paul Dircks before even the first year of his tenancy had
expired.    Where the renting is for a time certain the
tenant is not entitled to the outgoing crops, which mature
after the termination of his lease, unless by the custom of

the country or by express agreement with his landlord. *Taylor's Landlord and Tenant,* secs. 534, 536. Brant's tenancy was for one year with the privilege, it is true, of an additional three years to his lease. But this was only a privilege, and the sale of the property having destroyed his right to exercise it, or he having voluntarily abandoned it, he then occupied exactly the same position as if the farm had been rented to him for one year only, and, there being no proof whatever of any agreement or custom which would entitle him to the outgoing crops, the appellees were not entitled to recover in this suit. The Court below was, therefore, in error in granting their two prayers, and the judgment appealed from will be reversed without awarding a new trial.

*Judgment reversed.*

(Decided 29th June, 1881.)